**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DONNA LUGO,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-25-1352 |
| **DANIEL P. DRISCOLL,** Secretary of the Army, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM ORDER**

Plaintiff Donna Lugo filed the above-captioned action on April 28, 2025, alleging a violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, based on the United States Department of the Army's (the Army) alleged failure to act upon Ms. Lugo's medical malpractice claim, which she asserted on behalf of her son pursuant to 10 U.S.C. § 2733a.  ECF No. 1.  Defendant the Honorable Daniel P. Driscoll, Secretary of the Army (the Secretary), filed a motion to dismiss or, in the alternative, for summary judgment.  ECF No. 14.  Ms. Lugo did not oppose the motion and instead filed a response in which she indicated her intent to claim prevailing-party status since the lawsuit allegedly "caused the Army to fulfill the relief sought." ECF No. 15 at 1.[1]  The Court granted the uncontested motion and dismissed Ms. Lugo's complaint with prejudice.  ECF No. 16.  Pending before the Court is Ms. Lugo's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act (the EAJA or the Act), 28 U.S.C. § 2412(d)(1)(A) (ECF No. 17), which is fully briefed (ECF Nos. 20–21).  No hearing is necessary.  Local Rule 105.6 (D. Md. Dec. 1, 2025).

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

The EAJA provides, in pertinent part, that:

> except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Of particular relevance here is whether Ms. Lugo is, in fact, a prevailing party, which is a prerequisite to a fee award under the Act. ECF No. 15 at 1. Ms. Lugo advances two arguments in support of her asserted prevailing-party status. First, Ms. Lugo contends she is a prevailing party because the filing of her lawsuit caused the Army to respond to her medical malpractice claim. ECF No. 17-1 at 4. Alternatively, Ms. Lugo argues that because she sought equitable relief in the instant action, the EAJA's prevailing-party requirement is irrelevant. ECF No. 15 at 1–2 (citing *Buckhannon Bd. & Care Home, Inc.* v. *West Va. Dep't of Health & Hum. Res.* (*Buckhannon*), 532 U.S. 598, 612 (2001) (Scalia, J., concurring)). The Secretary relies on this same decision to argue that the EAJA's prevailing-party requirement applies, and that Ms. Lugo is not entitled to attorney's fees because no court order compelled the Army to act on her claim. ECF No. 20 at 4–7.

Ms. Lugo's prevailing-party argument rests on the "catalyst theory," which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601. This theory has been unequivocally rejected by both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. *Id.* at 600 (holding that the term "prevailing party" does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree but has nonetheless achieved the desired result because the lawsuit brought about a

2

voluntary change in the defendant's conduct"); *Grabarczyk* v. *Stein*, 32 F.4th 301, 305 (4th Cir. 2022) ("If – as in *Buckhannon* – a challenged state law is repealed and the plaintiffs' case dismissed as moot *before* entry of a court judgment, then the plaintiffs cannot be deemed to have 'prevailed.'") (emphasis in original); *Ge* v. *United States Citizenship & Immigr. Servs.*, 20 F.4th 147, 156-157 (4th Cir. 2021) (finding no material alteration of the parties' legal relationship for purposes of determining EAJA prevailing-party status when a remand order merely "forced [defendant] to do something . . . that it would not otherwise have been required to do"); *Goldstein* v. *Moatz*, 445 F.3d 747, 752 (4th Cir. 2006) (holding that *Buckhannon* would not allow a lower court to recognize EAJA prevailing-party status where the defendant voluntarily "agreed to provide the relief requested in response to an affirmative indication by the presiding court that the plaintiff is about to prevail"); *S-1 & S-2* v. *State Bd. of Educ.*, 21 F.3d 49, 51 (4th Cir. 1994) (*en banc*) (concluding that plaintiffs would not be deemed prevailing parties by virtue of the catalyst theory).[2]  As the Fourth Circuit has explained, "a defendant's voluntary change in conduct *prior* to the entry of judgment lacks the necessary judicial imprimatur to afford a plaintiff prevailing[-]party status." *Grabarczyk*, 32 F.4th at 305-306 (emphasis in original) (internal quotation marks and citation omitted).  In short, because Ms. Lugo has not "secure[d] a judgment on the merits or a court-ordered consent decree," she is not a prevailing party and thus not entitled to an award of fees and other expenses. *Buckhannon*, 532 U.S. at 600.

---

[2]  Because the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit interpret "prevailing party" consistently across all federal fee-shifting statutes, it is unimportant that some of the cited authority are not EAJA cases. *CRST Van Expedited, Inc.* v. *Equal Emp't Opportunity Comm'n*, 578 U.S. 419, 422 (2016) (finding that the Court interprets the term "prevailing party" consistently in various fee-shifting statutes); *Grabarczyk* v. *Stein*, 32 F.4th 301, 306 (4th Cir. 2022) ("We interpret the term 'prevailing party' consistently across all federal fee-shifting statutes."); *see also Goldstein* v. *Moatz*, 445 F.3d 747, 751 (4th Cir. 2006) (finding that *Buckhannon* applied to EAJA prevailing-party disputes because of the Court's consistent interpretation across fee-shifting statutes).

Ms. Lugo's assertion that *Buckhannon* establishes the irrelevance of prevailing-party status in cases in equity is similarly unavailing. First, Ms. Lugo does not elaborate upon this argument beyond mere citation to Justice Scalia's concurring opinion in *Buckhannon*. ECF Nos. 17 at 1–2 (citing 532 U.S. at 612); 21 at 1–2 (same). Second, at the risk of stating the obvious, a concurrence is not binding precedent. *E.g.*, *Maryland* v. *Wilson*, 519 U.S. 408, 413 (1997). Finally, the concurring opinion upon which Ms. Lugo relies does not stand for the proposition asserted. ECF No. 17-1 at 1–2 (arguing that "it is both unnecessary and irrelevant for the Court to determine whether the moving party has prevailed" in a case where the plaintiff seeks equitable relief). It is difficult to conclude that this concurring opinion supports Ms. Lugo's argument that the role of prevailing-party status is distinct for cases in equity when *Buckhannon* itself was a case in which the plaintiffs sought declaratory and injunctive relief. 532 U.S. at 600-601; *see also Lackey* v. *Stinnie*, 604 U.S. 192, 201-202 (2025) (finding it relevant for purposes of assessing the availability of attorney's fees under a fee-shifting statute that plaintiffs were not prevailing parties because they had secured preliminary injunctive relief only). Indeed, the concurrence explicitly notes that it was written "to respond at greater length to the contentions of the dissent," *Buckhannon*, 532 U.S. at 610, which further calls into question the contention that it supports the distinction Ms. Lugo attempts to argue here.

Based on the foregoing, it is hereby ORDERED that Plaintiff's motion (ECF No. 17) is DENIED.

Date: February 5, 2026

                                                /s/
                                      Erin Aslan
                                      United States Magistrate Judge